# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SHIRE LLC, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 06-952-SD |
| TEVA PHARMACEUTICAL INDUSTRIES LTD. and TEVA PHARMACEUTICALS USA, INC., | : |
| Defendants. | : |

## JUDGMENT AND ORDER OF PERMANENT INJUNCTION

This action for patent infringement having been brought by Plaintiff Shire LLC ("Shire") against Defendants Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") and Teva Pharmaceuticals USA, Inc. ("Teva USA") (collectively, Teva Ltd. and Teva USA shall be referred to as "Teva") for infringement of United States Patent No. 6,322,819 (the "'819 Patent") and United States Patent No. 6,605,300 (the "'300 patent"); and

Teva USA having brought a counterclaim for a declaratory judgment against Shire declaring the '819 Patent, the '300 Patent and United States Patent No. 6,913,768 (the "'768 Patent" and collectively with the '819 Patent and '300 Patent, the "Patents") not infringed and invalid;

Teva and Shire have entered into a Settlement Agreement, under which Shire will grant Teva USA a non-exclusive license to the Patents ("the License"), pursuant to the terms and conditions in the Settlement Agreement and License, which are incorporated by reference herein;

Teva acknowledges that all the claims in the Patents are valid and enforceable in all respects; and

Teva acknowledges that Teva USA's Abbreviated New Drug Application ("ANDA") No. 76-852 ("Teva USA's ANDA") infringes the Patents and, in the absence of the License, that by selling, offering for sale, using and/or importing into the United States of a product under or described in Teva USA's ANDA ("Teva's Product") would infringe each of the Patents.

Shire and Teva now consent to this Judgment and Order and
IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The Patents are each owned by Shire and are each valid and enforceable in all respects.

3. All affirmative defenses, claims and counterclaims, which have been or could have been raised by Teva in this action with respect to the validity or enforceability of any of the Patents, are dismissed with prejudice.

4. Teva is hereby enjoined and estopped during the term of the Patents from making any challenge to the validity or enforceability of any of the Patents.

5. The sale, use or import of the Teva Product would infringe each of the Patents.

6. Teva is hereby also enjoined and estopped during the term of the Patents from making any challenge as to the infringement of the Teva Product of each of the Patents.

7. The foregoing injunctions against Teva shall take effect immediately upon entry of this Judgment and Order by the Court, and shall continue generally with respect to each of the Patents until the expiration of such Patent, unless (i) earlier terminated or modified by further order of this Court, (ii) a final judgment from which no appeal can be taken or is entered by a United States court of competent jurisdiction, that all of the Patents are unenforceable, or (iii) a final judgment from which no appeal can be taken or is entered by a United States court of competent jurisdiction, that all of the claims of all of the Patents are invalid.

8. This Judgment is binding upon and constitutes claim preclusion and issue preclusion with respect to validity and enforceability of the Patents and infringement by the Teva Product between the parties in this action or in any other action between the parties.

9. Nothing in this Judgment shall effect or otherwise delay the effective date of approval of Teva's ANDA.

10. Nothing in this Judgment shall effect the "paragraph IV certifications" to the Patents in Teva's ANDA, which paragraph IV certifications Teva shall be entitled to lawfully maintain pursuant to the License to the Patents.

11. The parties waive all right to appeal from this Judgment and Order.

12. This Court shall retain jurisdiction of this action and over the parties for purposes of enforcement of the provisions of this Judgment and Order.

13. Each party is to bear its own costs and attorneys' fees.

Dated:   Philadelphia, Pennsylvania
         March 5, 2008

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Shire LLC | Teva Pharmaceutical Industries, Ltd. |
| | Teva Pharmaceuticals USA, Inc. |

DLA PIPER US LLP                               STEVENS & LEE, P.C.

s/Michael Burns                                s/Charlie Bloom

Paul A. Taufer (PA 58,935)                     Charles J. Bloom (PA 10,086)
Darius C. Gambino (PA 83,496)                  620 Freedom Business Center
Michael L. Burns (PA 204,365)                  Suite 200
One Liberty Place                              King of Prussia, Pennsylvania
19406
1650 Market Street                             Telephone: (610) 205-6001
Suite 4900                                     Facsimile: (610) 371-7964
Philadelphia, Pennsylvania 19103
Telephone: (215) 656-3300                      cjb@stevenslee.com
Facsimile: (215) 656-3301
michael.burns@dlapiper.com, paul.taufer@dlapiper.com

Of Counsel:                                    Of Counsel:
Edgar H. Haug (NY - EH 6243)                   Charles A. Weiss (NY - CW 2628)
Steven M. Amundson (NY - SA 0980)              Michael K. Levy (NY - ML 8830)
Porter F. Fleming (NY - PF 1510)               KENYON & KENYON LLP
Sandra Kuzmich (NY - SK 5484)                  One Broadway
FROMMER LAWRENCE & HAUG LLP                    New York, New York 10004
745 Fifth Avenue                               Telephone: (212) 425-7200
New York, New York 10151                       Facsimile: (212) 425-5288
Telephone: (212) 588-0800
Facsimile: (212) 588-0500                      cweiss@kenyon.com
                                               mlevy@kenyon.com
ehaug@flhlaw.com
samundson@flhlaw.com
pfleming@flhlaw.com
skuzmich@flhlaw.com

SO ORDERED

Dated: March 6, 2008

_____
Stewart Dalzell
United States District Judge